PER CURIAM.
The petitioner, Gulfstream Park Racing Association, Inc., has filed in this court a petition for certiorari seeking review of an order of the Board of Business Regulation which denied the request of Gulfstream Park that it be permitted to deduct from the “outs book” [1] twenty uncashed pari-mutuel tickets. Petitioner urges that the record before the Board of Business Regulation was not sufficient to support the decision reached by the Board. Our review of the record convinces us that the record is sufficient.
Petitioner’s second point claims that the factual determination made by the Board is improper because it precludes a determination that pari-mutuel tickets can ever be lost. This contention does not follow from the Board’s decision. We are concerned on this petition for certiorari with the question of whether the record is so devoid of a basis for the Board’s action that the order on review must be quashed. By our order denying certiorari, we do not preclude a trial of the suggested issue at a proper time before an appropriate tribunal.
Petitioner presents an additional point urging that Fla.Stat. § 550.164, F.S. A., is unconstitutional because it fails to provide due process when money held for uncashed tickets escheats to the State of Florida. We hold that this point is not properly before us inasmuch as the order which we are called upon to review makes no reference to escheat, and the findings of fact of the Director of the Division of Pari-Mutuel Wagering conclusively show that the application of the petitioner for a reduction of the “outs” ticket account was made prior to the time that any question of escheat could have arisen. There-fpre, we respectfully decline to pass upon the constitutionality of the statute mentioned.
Accordingly, certiorari is denied.
It is so ordered.